# Presidential Appointment of Foreign Agents Without the Consent of the Senate

There are many precedents to sustain the power of the President, without the advice and consent of the Senate, to appoint special agents or personal representatives for the purpose of conducting negotiations or investigations.

September 23, 1943

MEMORANDUM FOR THE ASSISTANT SOLICITOR GENERAL

Clause 2 of Section 2, Article II, of the Constitution provides that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls." There are, however, many precedents to sustain the power of the President, without the advice and consent of the Senate, to appoint agents for the purpose of conducting negotiations or investigations. Some Senators have at times objected to the Presidents' actions as being without constitutional authority, but the question has not been passed upon by the courts. Precedents are set forth in 4 John Bassett Moore, *A Digest of International Law* § 632, at 452–56 (1904), and 4 Green Haywood Hackworth, *Digest of International Law* 409–14 (1942). *See also* Edward S. Corwin, *The President's Control of Foreign Relations* 63–66 (1917).

Persons appointed as such special agents or representatives are considered to be the personal representatives of the President and not "Ambassadors" or other "public Ministers" within the meaning of the constitutional provision. In many cases such personal representatives have been given diplomatic rank, including that of minister, envoy, and ambassador. Special representatives with diplomatic rank are not formally accredited to the foreign governments as official diplomatic representatives of our government. It is customary before making such an appointment for the State Department to ascertain from the foreign government concerned whether the appointment is acceptable. If so, such appointees are accredited informally. They are then customarily accorded the diplomatic privileges and courtesies pertaining to their rank.

Two recent examples of special envoys with diplomatic rank are, as cited in Mr, Hackworth's digest, the appointments by President Roosevelt of (1) Norman H. Davis in March 1933 as Chairman of the Delegation of the United States to the General Disarmament Conference at Geneva, with the rank of Ambassador while serving in that capacity; and (2) Myron Taylor in 1938 as the American representative on the special intergovernmental committee to facilitate the emigration from Austria and Germany of political refugees, with the rank of Ambassador Extraordinary and Plenipotentiary. 4 Hackworth, *Digest of International Law* at 412.

Moore gives the following instances of appointments by the Secretaries of State:

May 12, 1825, John James Appleton was appointed by the Secretary of State to arrange a settlement of claims against Naples.

. . . .

April 17, 1847, Nicholas P. Trist, who was then chief clerk of the Department of State, was appointed a commissioner to conclude a treaty of peace with Mexico, which he did on February 2, 1848.

. . . .

In 1861 Archbishop Hughes and Bishop McIlvaine were sent to Europe by Mr. Seward, with the approval of the President and his Cabinet, as confidential agents in relation to questions growing out of the civil war.

. . . .

A.B. Steinberger was appointed by the Secretary of State, under direction of the President, March 29, 1873, as a special agent to Samoa.

4 Moore, *Digest of International Law* § 632, at 453–54.

With respect to the appointment of Mr. Trist, it appears that the instructions issued to him by Mr. Buchanan, Secretary of State, stated in part:

The President, therefore, having full confidence in your ability, patriotism, and integrity, has selected you as a commissioner to the United Mexican States, to discharge the duties of this important mission.

5 *id.* § 858, at 781.

The instructions issued to the other appointees above mentioned are not given.

It also appears that Mr. Clayton, as Secretary of State, on June 18, 1849, issued to Mr. A. Dudley Mann, who was then in Europe, instructions in relation to a mission as a special and confidential agent to Hungary. Mr. Mann was given a letter (presumably signed by the Secretary of State) introducing him to the Minister for Foreign Affairs in Hungary as "special and confidential agent of the United States to the Government of Hungary." 1 *id.* § 72, at 219. Moore, however, also states that Mr. Mann "was appointed by President Taylor as a special and confidential agent to Hungary." 4 *id.* § 632, at 453. I suppose that in all five cases above mentioned the State Department would take the position that in making the appointments the Secretary acted for and under the direction of the President.

I spoke to Mr. Hackworth, Legal Adviser to the Secretary of State, with respect to the practice in this matter. He said that there was no uniform procedure. In the

case of Dr. Frank P. Corrigan, President Roosevelt issued a commission to him in 1937 designating him "Special Representative with the rank of Envoy Extraordinary and Minister Plenipotentiary" to meet with representatives of the Governments of Venezuela and Costa Rica to aid in the solution of the boundary controversy. On the other hand, when Mr. Phillips was sent recently to India, the Secretary of State wrote to Mr. Phillips in substance that he was enclosing a letter signed by the President addressed to the Viceroy regarding his appointment to serve near the Government of India as the President's personal representative. The Secretary further stated that his letter would serve in lieu of formal credentials. The usual form of credentials was not used in this case because Mr. Phillips was not being accredited to any foreign government.

Mr. Hackworth further advises that in all cases of special representatives the instructions to them are prepared in the Department of State and signed by the Secretary or the Acting Secretary of State. The State Department also prepares for the President's signature such formal document or letter as may be required or desired in the particular case. When serving in a special capacity, the names of the representatives are not submitted by the State Department to the Senate.

W.H. EBERLY
*Attorney-Adviser*
*Office of the Assistant Solicitor General*